JUSTICE REGNIER
concurring.
¶21 I concur with the Court’s conclusion that the District Court lacked jurisdiction to hear Kempin’s appeal. However, I disagree with the rationale proffered by the Court to support its conclusion under the same rationale I expressed in my dissent in Feight.
¶22 The Court states that “[sjection 46-17-311, MCA, provides the exclusive statutory remedy for appeals from the courts of limited jurisdiction.” (Emphasis added.) I disagree. Section 3-5-303, MCA, provides that the district court has appellate jurisdiction in cases arising in justices’ courts and other courts of limited jurisdiction in their respective districts as may be prescribed by law and consistent with the constitution, except as provided in § 46-17-203, MCA. The law prescribes in § 46-20-104(1), MCA, that an appeal may be taken by the defendant only from a final judgment of conviction and orders after judgment which affect the substantial rights of the defendant. Therefore, the proper inquiry is whether there are any specific statutory provisions which limit the defendant’s general right of appeal provided in §§ 3-5-303 and 46-20-104(1), MCA.
¶23 Section 46-17-311(2), MCA, provides that “[t]he defendant may appeal to the district court by filing written notice of intention to *24 appeal within 10 days after a judgment is rendered following trial.” Significantly, the statute merely states that a defendant “may” file an appeal after judgment is rendered following trial. It does not say that a defendant can only appeal to the district court after a judgment is rendered following trial. Section 46-20-104(1), MCA, already provides for the defendant’s right to appeal following a final judgment of conviction. Therefore, I believe § 46-17-311(2), MCA, simply outlines the procedure one must undertake to perfect an appeal following trial.
¶24 Here, pursuant to § 46-9-503(2), MCA, the Justice Court forfeited Kempin’s bond because of Kempin’s inaction, i.e., his failure to appear. Now, Kempin seeks the benefit of á trial anew in the District Court to circumvent the forfeiture because he does not like the suspension of hunting privileges imposed by the Justice Court.
¶25 In my opinion, a forfeiture of bond is equivalent to a plea of guilty or nolo contendere in the context of fish and game violations. Here, Kempin posted not only a sufficient amount to meet bond, but also sufficient monies to pay the prescribed restitution. Section 87-l-102(2)(b), MCA, provides that one who forfeits bond in turn forfeits his or her hunting, fishing or trapping privileges for a term set by the court. That is exactly what occurred here. Just as § 46-17-203(2), MCA, precludes a defendant from obtaining a trial anew following a guilty or nolo contendere plea, so should a defendant’s concession of forfeiture preclude the windfall of a trial anew in district court. Kempin’s remedy, if he was dissatisfied or surprised in the suspension of his hunting privileges, was to proceed under the statutory framework provided in § 46-9-503, MCA, and seek a discharge of his forfeiture. Therefore, while I disagree with the Court’s justification, I concur with the result reached by the Court.
JUSTICE COTTER joins in the foregoing concurrence.